**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **TIRELL SCALES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CASE NO.** 3:26-cv-807-CHB |
| | ) |
| **FORD MOTOR COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Tirell Scales ("Scales"), by counsel, against Defendant, Ford Motor Company ("Defendant") for violating the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq*., the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.,* and the Kentucky Civil Rights Act.

## II.PARTIES

2. Scales, at all relevant times to this litigation, resided within Jefferson County, which is within the geographic boundaries of the Western District of Kentucky.

3. Defendant is a corporation that maintains offices and routinely conducts business within the geographical boundaries of the Western District of Kentucky.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C §1367; 42 U.S.C. §12117; and 29 U.S.C. § 2617 (a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5); 29 U.S.C. § 2611 (4); and KCRA § 344.030(2).

6. Plaintiff was an "eligible employee" as the term is defined by 29 U.S.C. § 2611(2) and an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KCRA § 344.030(5).

7. Plaintiff is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12102(2); § 12111(8) and/or Defendant knew of Plaintiff's disability and/or Defendant regarded Plaintiff as being disabled.

8. Plaintiff exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission, claiming disability discrimination. Plaintiff has filed his Complaint within ninety (90) days of receipt of his Notice of Suit Rights.

9. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Western District of Kentucky, thus venue is proper in this Court.

## IV.FACTUAL ALLEGATIONS

10. Scales has been working for Defendant since 2010. In 2012, Scales was transferred to Defendant's Louisville plant. Scales's last-held position with Defendant was as a line worker.

11. At all relevant times, Scales has met or exceeded Defendant's legitimate performance expectations.

12. Defendant was aware of Scales's disability. Scales has been diagnosed with recurrent, moderate major depressive disorder. Prior to the incidents underlying this claim, Scales took medical leave related to his disabling mental health condition(s) in or around October of 2023 and July of 2024, and provided supporting documentation to Defendant.

13. On or around September 12, 2024, Scales took medical leave for mental health issues. On September 17, 2024, Scales began intensive outpatient mental health treatment with The Brook Hospital for treatment of anxiety and depression.

14. In the past, when Scales was placed off of work by his provider at The Brook Hospital, his provider sent the necessary documents to Defendant's claims management service, Sedgwick.

15. On or around September 24, 2026, following the same protocol that was used before, Scales's medical provider at The Brook Hospital, Dr. Ronald Spears, return the leave paperwork (via fax) that was provided to him by Sedgwick on Defendant's behalf. In the paperwork, Dr. Spears stated that Plaintiff was recommended not to work starting on September 12, 2026, and that he would be released to work full duty on November 29, 2024.

16. On or around October 14, 2026, while Scales was on leave, Human Resources (HR) contacted him via phone call to inform him that his employment was being terminated. HR claimed that they did not receive documentation that Scales was still receiving treatment, and since Scales had failed to respond to their five-day termination notice, they were proceeding with his termination.

17. Scales explained that he was still receiving treatment and that he had not seen the notice letter, and asked if he could finish his treatment and provide any necessary paperwork to Human Resources. Human Resources told him no and said that his only option was to file a grievance with the union.

18. Scales qualified for protected leave under the Family Medical Leave Act and his provider had already provided Defendant with the requested documentation.

19. Shortly after receiving notice of his termination, Scales filed a grievance with the union, as he was instructed to do. On or around July 30, 2025, Scales received notice that the grievance

process was finalized. Scales was offered reinstatement with no backpay. They also required Scales to attend a fitness for duty test that same day, but Scales was traveling that day and not able to comply. Based on the offered terms, Scales could not accept the offer.

20. Defendant's reason for Scales's termination is pretext for disability discrimination.

## V.CAUSES OF ACTION

### COUNT 1: ADA & KCRA – DISABILITY DISCRIMINATION

21. Scales hereby incorporates paragraphs one (1) through twenty (20) of his Complaint.

22. Defendant discriminated against Scales on the basis of his disability by terminating his employment.

23. Defendant's actions were intentional, willful and in reckless disregard of Scales's rights as protected by the ADA and KCRA.

24. Scales has suffered damages as a result of Defendant's actions.

### COUNT II: ADA & KCRA – FAILURE TO ACCOMMODATE

25. Scales hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint.

26. Scales requested accommodation (medical leave) but was not acknowledged by Defendant, who failed to engage in the interactive process.

27. Defendant's actions were intentional, willful, and in reckless disregard of Scales's rights as protected by the ADA and the KCRA.

28. Scales has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: FMLA INTERFERENCE

29. Scales hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint.

30. Scales attempted to use protected leave as he was entitled to under the FMLA.

31. Defendant unlawfully interfered with Scales's rights under the FMLA by failing to acknowledge Scales's supporting documents and by terminating his employment.

32. Defendant's actions were intentional, willful, and taken in reckless disregard of Scales's rights as protected by the FMLA.

33. Scales has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Tirell Scales, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for violations of the ADA and KCRA;

5. Punitive damages for violations of ADA;

6. Liquidated damages for Defendant's violations of the FMLA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ *Elizabeth Gatten*
Elizabeth Gatten
101 North Seventh Street
Louisville, KY 40202
Office: (502) 561-3484
Facsimile: (812) 424-1005
E-Mail: egatten@bdlegal.com

*Attorney for Plaintiff, Tirell Scales*

**DEMAND FOR JURY TRIAL**

Plaintiff, Tirell Scales, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ *Elizabeth Gatten*
Elizabeth Gatten
101 North Seventh Street
Louisville, KY 40202
Office: (502) 561-3484
Facsimile: (812) 424-1005
E-Mail: egatten@bdlegal.com

*Attorney for Plaintiff, Tirell Scales*